| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER |
|---|---|
| **PLAINTIFFS**<br>Wilbur J. Babin, Trustee-in-Bankrutpcty of George Porter, Jr., Brian H. Stoltz, and David Russell Batiste, Jr., Porter-Batiste-Stoltz, LLC, Ronnie Glynn Penton, LLC, The Penton Law Firm, John O. Pieksen, Jr. and John Pieksen & Associates, LLC | **DEFENDANT**<br>Philip I. Stepanian |
| ATTORNEY (Firm Name, Address, and Telephone No.)<br>David M. Nickless, Esq.<br>Nickless, Phillips and O'Connor<br>625 Main Street<br>Fitchburg, MA 01420<br>978-342-4590 | ATTORNEY (Firm Name, Address, and Telephone No.)<br>David J. Reier, Esq.<br>Posternak Blankstein & Lund LLP<br>800 Boylston Street<br>Boston, MA 02199-8004<br>(617) 973-6100 |
| PARTY (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>X Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

CAUSE OF ACTION: (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Objection to discharge under §727(a)(3) and objection to dischargeability of debt under §523(a)(2), §523(a)(4) and §523(a)(6)

NATURE OF SUIT
(Number of up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11- Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14- Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
X 41 – Objection/ revocation of discharge § 727 (c),(d),(e)

**FRBP 7001 (5) Revocation of Confirmation**
☐ 51 – Revocation of Confirmation

**RFBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1), (14), (14a) priority tax claims
X 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
X 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
X 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce of separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001 (7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 – Subordination of claim or interest

**FRBP 7001 (9) Declaratory Judgment**
☐ 91 – Declaratory Judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et. seq.*
☐ 02 – Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law  ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint  Demand $

Other Relief Sought:  **Objection/ revocation of discharge § 727(a)(3)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Philip I. Stepanian | BANKRUPTCY CASE NUMBER<br>15-10780-FJB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern | DIVISIONAL OFFICE<br>Boston | NAME OF JUDGE<br>Frank J. Bailey |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ David M. Nickless | | |
| DATE:<br>July 13, 2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M. Nickless | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>Philip I. Stepanian<br>      Debtor<br><br>---<br><br>Wilbur J. Babin, Trustee-in-bankruptcy of George Porter, Jr., Brian H. Stoltz, David Russell Batiste, Jr., Porter-Batiste-Stoltz, LLC, Ronnie Glynn Penton, LLC, The Penton Law Firm, John O. Pieksen, Jr. and John Pieksen & Associates, LLC<br><br>      Plaintiffs<br><br>v.<br><br>Philip I. Stepanian<br>      Defendant | Chapter 7<br>No. 15-10780-FJB<br><br><br><br><br>Adv. Pro.<br>15- |

**COMPLAINT**

This is an action by Wilbur J. "Bill" Babin ("Babin" or the "Trustee") as he is Trustee in Bankruptcy in the Eastern District of Louisiana of the bankruptcy estates of George Porter, Jr. ("Porter"), Brian H. Stoltz ("Stoltz"), and David Russell Batiste, Jr. ("Batiste"), (collectively and/or individually "Band Members"); Porter-Batiste-Stoltz, LLC ("the Band"); Ronnie Glynn Penton ("Penton"); The Penton Law Firm ("Penton Firm"); John O. Pieksen, Jr. ("Pieksen"), and John Pieksen & Associates, LLC ("Pieksen Firm") (collectively and/or individually the "Lawyers") (all of whom are jointly and/or singularly "Plaintiffs" or "Creditors"), of Philip I.

1

Stepanian ("Stepanian" or the "Debtor") seeking denial of the Debtor's discharge pursuant to 11 U.S.C. § 727 and a determination that certain debts of the Debtor to the Trustee, the Band, and the Lawyers are excepted from discharge pursuant to 11 U.S.C. § 523.

## JURISDICTION

1. This matter is a core proceeding pursuant to 28 U.S.C. §157(b) (2) (I) and (J). This Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PARTIES

2. Stepanian is the Debtor in these proceedings, having filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 4, 2015. Stepanian at all times material hereto has been the manager and, upon information and belief, is the sole member of Highsteppin Productions, LLC. ("Highsteppin"), a Massachusetts limited liability company.

3. Babin is the duly appointed Chapter 7 Trustee in Bankruptcy of Porter, Stoltz, and Batiste all of whom filed petitions for relief in the Bankruptcy Court, Eastern District of Louisiana.

4. The Lawyers are entities formed and operating under Louisiana law and/or private attorneys licensed to practice in the State of Louisiana. The Lawyers represented Babin, the Band Members, and the Band in Adversary Proceedings brought by Highsteppin Productions, LLC against the Band Members.

## FACTS

5. On May 8, 2006 the Band, Band Members and Highsteppin executed a personal management contract (the "Agreement").

6. Pursuant to the Agreement, Stepanian assumed complete control over all financial aspects of

2

the Band and Band Members' careers, including, but not necessarily limited to, collection of revenue from their performances, sale of merchandise upon their behalf, payment of touring and promotional expenses, and advancement of living expenses from amounts collected.

7. As such, Stepanian was a fiduciary to the Band and Band Members, and owed them fiduciary duties of loyalty and due care.

8. Pursuant to his fiduciary duties to the Band and Band Members, Stepanian was obligated to, among other things; provide full disclosure, regarding, among other matters, (a) all facts related to the subject-matter of the fiduciary relationship, (b) a full accounting of receipts and disbursements, and (c) any conflict(s) of interest. Stepanian and Highsteppin were further required to refrain from self-dealing, commingling the Band and Band Members' assets with Stepanian's own assets, and conversion of cash and receipts belonging to the Band and Band Members.

9. Porter, by proper written notice, lawfully terminated the Agreement as of November 7, 2009.

10. In December 2009, Highsteppin filed suit against the Band and the Band Members in the United States District Court, Eastern District of Massachusetts, for claims under contract, tort and statutory law, including the Massachusetts Consumer Protection Act, G.L. Chapter 93A ("Chapter 93A").

11. The Band and the Band Members filed counterclaims against Highsteppin, as well as third-party claims against Stepanian individually, containing counts under contract, tort, and Chapter 93A as well as federal copyright law.

12. The Massachusetts proceeding was subsequently removed to the Bankruptcy Court, Eastern District of Louisiana ("the Louisiana Bankruptcy Court"), wherein Highsteppin filed

Adversary Proceedings against two Band Members, Porter and Stoltz.[1] The Adversary Proceedings were administratively consolidated, and eventually tried before Chief Judge Elizabeth W. Magner, in two (2) separate phases spanning six (6) weeks during the months of June through September of 2012.

13. After trial, the Louisiana Bankruptcy Court found that Highsteppin willfully violated Chapter 93A, and also committed, among other things, multiple breaches of the Agreement and its fiduciary duties imposed by Massachusetts law.

14. Stepanian had unilateral and exclusive control of Highsteppin and used Highsteppin for his personal use and benefit, commingled his personal assets with those of Highsteppin, and used Highsteppin as his alter ego.

15. In connection with his representation of the Band and Band Members, Stepanian willfully, deliberately and intentionally committed, among other things, the following acts:

   a. He made false representations including, but not limited to his experience, abilities and intentions concerning the personal management of the Band and Band Members.

   b. He failed to disclose conflicts of interest.

   c. He commingled all transactions for the Band, Band Members, Highsteppin, himself and at least one other client into a single checking account.

   d. He failed to keep the Band and Band Members apprised of their financial situation including the receipt of income from merchandise and digital sales.

   e. He diverted the Band's and Band Members' performance income into Highsteppin's account.

   f. He made false representations tot eh Band and Band Members and created a separate set

---

[1] Batiste later filed a separate Chapter 7 bankruptcy.

of books with the specific intent to deceive the Band and Band Members.

g. He maintained and provided false, inaccurate, misleading and untimely "accountings" and financial documents making it impossible to determine the financial condition of the Band, Band Members, Highsteppin and Stepanian himself.

h. He concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books documents, records and papers, from which his financial condition or business transactions might be ascertained making it impossible to determine the financial condition of the Band, Band Members, Highsteppin and Stepanian himself.

i. He caused the Band Members to file bankruptcy.

j. He failed to accept responsibility for his lack of transparency or reporting to the Band and Band Members.

k. He advanced funds for the benefit of a single Band Member without the consent of the others.

l. Stepanian received reimbursement from all three Band Members for merchandise and travel expenses incurred by him *prior to* the execution of the Agreement.

m. He made inequitable distributions to the Band Members and failed to disclose these inequitable distributions to the Band Members.

n. He withheld material information from Band Members thereby causing the Band Members to delay reasserting their control over the financial affairs of the Band.

o. He caused injury, including loss of money and/or property, to the Band and Band Members.

16. Stepanian's performance, in carrying out the fiduciary obligations of Highsteppin as the

Band's manager, fell so far below the standard of care required as to be actionable under Chapter 93A.

17. The Louisiana Bankruptcy Court found Highsteppin liable to the Trustee and the Lawyers for fees and costs in the amount of $1,828,587.51, pursuant to Chapter 93A.

18. For purposes of dischargeability, Stepanian is jointly and severally liable for the claims that arose between the Creditors and Highsteppin. See *Bond Leather Co., Inc. v. Q.T. Shoe Mfg. Co., Inc.* 764 F. 2d 928, 938 (1st Cir. 1985) ("it is settled that a corporate officer who commits a tort is personally liable for his actions and cannot seek refuge in the fact the he was acting for the corporation") (citing *Refrigeration Disc. Corp. v. Catino*, 330 Mass. 230 235, 112 N.E. 2d 790 (1953); *Hawks Holding, LLC v. Kalinowski (In re Kalinowski),* 449 B.R. 797, 810 (Bankr. D.N.M. 2011)("a corporate officer or managing member of a limited liability company can act in a fiduciary capacity and be held liable for a non-dischargeable debt when that person is charged with carrying out the fiduciary obligations of the artificial business entity") aff'd 482 B.R. 334 (B.A.P. 10th Cir. 2012).

## COUNT I
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)

19. Plaintiffs restate and allege Paragraphs 1-18.

20. Stepanian's commingling of the funds belonging to the Band and Band Members with funds belonging to Highsteppin and at least one other client into a single checking account, his creation a separate set of books and records, and his maintenance of false, inaccurate, and misleading "accountings" and financial documents made it impossible to determine the extent of those assets rightfully the property of the Band and Band Members were improperly used by Highsteppin and Stepanian.

21. Stepanian's commingling of the funds belonging to the Band and Band Members with funds belonging to Highsteppin make it impossible to determine the extent that financial condition of Stepanian.

22. The aforesaid acts constitute concealment, destruction, mutilation, falsification and/or failure to keep or preserve recorded information, including books documents, records and papers, from which Stepanian's financial condition or business transactions might be ascertained.

23. As a result of the aforesaid acts the Stepanian's discharge must be denied pursuant to 11 U.S.C. §727(a)(3).

## COUNT II
## DENIAL OF DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. §523(a)(2)(A)

24. Plaintiffs restate and allege Paragraphs 1-23.

25. Stepanian, by and through Highsteppin or otherwise, obtained money and property from the Band and/or the Band Members through false pretenses, false statements, and/or actual fraud, including but not limited to statements concerning his experience, abilities and intentions concerning the personal management of the Band and Band Members; his failure to disclose conflicts of interest, his comingling of the assets of the Band and Band Members with assets belonging to him and third parties; his failure to apprise the Band and Band Members of the receipt of income from merchandise and digital sales; his creation and maintenance of a separate set of books; his diversion of the Band's and Band Members' income into Highsteppin's account; his submission of false, inaccurate, and misleading "accountings" and financial documents; and his payment to himself of funds to which he was not entitled.

26. Stepanian obtained money and property as a result of the aforesaid acts, all of which constitute false pretenses, false representations, and/or actual fraud.

7

27. As a result of the aforesaid acts the discharge of Stepanian's debt to the Plaintiffs in an amount of not less than $1,828,587.51 must be denied pursuant to 11 U.S.C. §523(a)(2)(A)

## COUNT III
## DENIAL OF DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. §523(a)(4)

28. Plaintiffs restate and allege Paragraph 1-23.

29. Stepanian's actions, by and through Highsteppin, including, but not limited to: his false representations regarding his experience, abilities and intentions concerning the personal management of the Band and Band Members; his failure to disclose conflicts of interest; his commingling of his personal funds with those belonging to the Band and Band Members; his failure to keep the Band and Band Members apprised of their receipts; his diversion of the Band's and Band Members' income into Highsteppin's account; his creation of a separate set of books with the intent to deceive the Band and Band Members; and his maintenance of false, inaccurate, and misleading books of account constitute fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

30. As a result of the aforesaid acts the discharge of Stepanian's debt to the Plaintiffs in an amount of not less than $1,828,587.51 must be denied pursuant to 11 U.S.C. §523(a)(4)

## COUNT IV
## DENIAL OF DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. §523(a)(6)

31. Plaintiffs restate and allege Paragraphs 1-30.

32. Stepanian caused willful and malicious injury to the Band and/or Band Members or to the property of the Band and/or Band Members by, among other things: making false representations including, but not limited to his experience, abilities and intentions concerning the personal management of the Band and Band Members; failing to disclose actual conflicts of interest; commingling the assets of the Band and the Band Members with

those belong to him; failing to keep the Band and Band Members apprised of receipts to which they were entitled; diverting and ultimately converting the Band's and Band Members' income; making false representations and creating a separate set of books with the intent of deceiving the Band and Band Members; providing false, inaccurate, and misleading financial reports; forcing the Band Members to file bankruptcy; failing to accept responsibility for his lack of transparency or reporting to the Band and Band Members; advancing funds for the benefit of a single Band Member without the consent of the others; withholding material information from Band Members thereby causing the Band Members to delay reasserting their control over the financial affairs of the Band;

33. As a result of the aforesaid acts the discharge of Stepanian's debt to the Plaintiffs in an amount of not less than $1,828,587.51 must be denied pursuant to 11 U.S.C. §523(a)(6)

**WHEREFORE**, Plaintiffs pray that:

1. The Debtor be denied a discharge pursuant to 11 U.S.C. § 727(a)(3);

2. The Debtor's debts to the Plaintiffs be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6);

3. They be granted their costs, including attorneys' fees, in this matter; and

4. This Court grant such other relief as is just.

Wilbur J. Babin as he is Trustee in Bankruptcy of George Porter, Jr., of Brian H. Stoltz, and of David Russell Batiste, Jr., Porter-Batiste-Stoltz, LLC, Ronnie Glynn Penton, The Penton Law Firm, John O. Pieksen, Jr., and John Pieksen & Associates, LLC

By their attorneys,


/s/ David M. Nickless
David M. Nickless, Esq.
James L. O'Connor, Jr., Esq.
625 Main Street
Fitchburg, MA 01420
978-342-4590
dnickless.nandp@verizon.net
joconnor.nandp@verizon.net