**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>PHILIP I. STEPANIAN,<br><br>　　　　　　Debtor<br><br>―――――――――――――――<br><br>WILBUR J. BABIN, TRUSTEE IN BANKRUPTCY, et al,<br><br>　　　　　　Plaintiffs<br><br>v.<br><br>PHILIP I. STEPANIAN,<br><br>　　　　　　Defendant | Chapter 7<br>Case No. 15-10780-FJB<br><br><br><br>Adversary Proceeding<br>No. 15-1139 |

**ORDER AND MEMORANDUM OF DECISION**

### I.    Overview

In this adversary proceeding, Wilbur J. Babin, Trustee in Bankruptcy (the "Trustee") of George Porter, Jr. ("Porter"), Brian H. Stoltz ("Stoltz"), David Russell Batiste, Jr. ("Batiste") (Porter, Stoltz and Batiste may be referred to collectively as the "Band Members") , Porter-Batiste-Stoltz, LLC (the "Band"), Ronnie Glynn Penton ("Penton"), The Penton Law Firm ("Penton Firm"), John O. Pieksen, Jr. ("Pieksen") and John Pieksen & Associates, LLC ("Pieksen Firm") (Penton, Pieksen, Penton Firm and Pieksen Firm may be referred to collectively as the "Lawyers"), as plaintiffs, seek the denial of debtor Philip I. Stepanian's ("Stepanian" or the "Debtor") discharge under 11 U.S.C. section 727.  Plaintiffs also seek a determination that certain debts of the Debtor owed to them are excepted from discharge under 11 U.S.C. section 523.  By this motion, the Debtor seeks dismissal of the adversary proceeding principally on the following grounds, which theories are more narrowly tailored to fit each of the counts: (a) that the complaint, which alleges fraud, fails to meet the special pleading requirements of Fed. R. Civ. P. 9(b),

1

as made applicable by Fed. R. Bankr. P. 7009, insofar as it fails to allege fraud with particularity, (b) that none of the counts in the complaint state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6), as made applicable by Fed. R. Bankr. P. 7012, (c) that the allegations in the complaint are conclusory and lacking in specific facts as required by Fed. R. Civ. P. 8, as made applicable by Fed. R. Bankr. P. 7008, and, finally, (d) that all Plaintiffs other than the Trustee and the Lawyers lack standing.  Based on the following memorandum, the motion is denied in part and the Plaintiffs are granted thirty days from the date of the entry of this memorandum to file an amended complaint, failing which the motion to dismiss will be partially allowed.

    **II.**    **Background**

According to the complaint, which I accept as true and from which I draw all reasonable inferences in the Debtor's favor, the Debtor, through an entity known as Highsteppin Productions, LLC ("Highsteppin"), and the Band Members entered a written agreement (the "Agreement") whereby the Debtor was to provide certain management services to the Band and Band Members, who were a musical act that performed at various locations around the country.  Highsteppin was to receive commissions on the gross earnings of the Band.  The Debtor claims that the Band Members breached their obligations under the Agreement and committed certain business torts in his dealings with them. Highsteppin filed suit against the Band and the Band Members in the United State District Court for the District of Massachusetts (the "Massachusetts Litigation").  The Band and Band Members filed counterclaims against Highsteppin and filed a third-party complaint against the Debtor, which included counts under the Massachusetts Consumer Protection Act, G.L. Chapter 93A ("Chapter 93A").  The Band Members then filed chapter 7 bankruptcy petitions in the Eastern District of Louisiana (the "Louisiana Bankruptcy Court") and removed the Massachusetts Litigation to the Louisiana Bankruptcy Court (the "Louisiana Litigation").  The Trustee was appointed chapter 7 trustee for each of the Band Members.

The complaint states that the Debtor, through Highsteppin, was a fiduciary of the Band and the Band Members and, as a result, he owed the Band and the Band Members a duty to provide full

2

disclosure of the business operations covered by the Agreement, to provide a full accounting of all receipts and disbursements, to avoid commingling of the Band Members' funds, and to avoid conflicts of interest in dealing with the Band Members' business activities.  In the Louisiana Litigation, the Band Members alleged (and apparently proved) that the Debtor maintained a separate set of financial records that included "false, inaccurate, and misleading" financial information.  The deliberately faulty accounting records made it impossible to tell what assets in Highsteppin's hands belonged to the Band Members and the commingling of the Band Members' funds made it possible for Highsteppin and the Debtor to "use" funds belonging to the Band Members.  The complaint also alleges that the Debtor misrepresented his experience when the Agreement was entered and that he did so to ensure his retention as manager.  It also alleges that the Debtor used Highsteppin as his alter ego and, through commingling, diverted assets that were property of the Band Members.   The Louisiana Bankruptcy Court held a trial on the claims, counterclaims, and third-party complaint, and rendered comprehensive findings of fact and conclusions of law.

The Plaintiffs allege that the Louisiana Bankruptcy Court found that Highsteppin willfully violated Chapter 93A, breached the Agreement, and breached fiduciary duties owed to the Band Members and the Band.  The acts in breach of the fiduciary duties included a failure to account for the receipts and expenses of the Band, a failure to fully disclose financial information, and commingling of funds received for the Band's performances. For his part, the Debtor, through Highsteppin, challenged the Band Members' discharge and alleged that the Band Members breached the Agreement and owed Highsteppin damages in the hundreds of thousands of dollars.  After trial, the Louisiana Bankruptcy Court found and ordered, among other things, that (a) neither Highsteppin nor the Band Members were owed sums under the Agreement because any losses were offset; (b) Highsteppin was to provide various disclosures and notifications to vendors and others that did business with the Band Members and Highsteppin, and to turnover certain personal property to the Band Members; and (c) directed the Trustee to submit evidence of the attorney's fees and costs expended by the estate in connection with

the Louisiana Litigation.  Later, after finding the Debtor and Highsteppin violated Chapter 93A, the court entered judgment against Highsteppin in the amount of $1,828,587.81 in legal fees incurred by the Trustee and Lawyers and entered judgment against Highsteppin on its claims against the Band Members.

### III. Jurisdiction

The matters before the court are a proceeding under 11 U.S.C. § 523(a) to determine the dischargeability of a debt and another under 11 U.S.C. § 727(a) to object to discharge. The matters arise under the Bankruptcy Code and in a bankruptcy case and therefore fall within the jurisdiction given the district court in 28 U.S.C. § 1334(b) and, by standing order of reference, referred to the bankruptcy court pursuant to 28 U.S.C. § 157(a). Both are core proceedings. 28 U.S.C. § 157(b)(2)(I) and (J) (core proceedings include determinations as to the dischargeability of particular debts and objections to discharge). This court accordingly has authority to enter final judgment as to both matters. 28 U.S.C. § 157(b)(1).

IV. Analysis

A. Pleading Standards

When presented with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Artuso v.Vertex Pharmaceuticals, Inc.*, 637 F.3d 1, 5 (1st Cir. 2011). Subject to certain exceptions, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*, quoting Fed. R. Civ. P. 8(a)(2).

> Although there is no need for "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). Accordingly, a complaint must include more than a rote recital of the elements of a cause of action; it must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal*." S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010), (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

*Id.*

One of the exceptions to the minimal pleading requirements of Fed. R. Civ. P. 8(a)(2) is an allegation of fraud. The circumstances constituting fraud must be pled with particularity. Fed. R. Civ. P. 9(b) ("In pleading fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Fed. R. Civ. P. 9(b) requires a complaint alleging fraud, including a complaint under 11 U.S.C. section 523, to "set out the 'time, place, and content of the alleged representation with specificity.'" *SEC v. Tambone*, 597 F.3d at 442, quoting *Greenbel v. FTP Software, Inc.*, 194 F.3d 185, 193 (1st Cir. 1999). I now test each of the counts in the complaint against these pleading standards.

5

### B. Count I: Denial of Discharge under 11 U.S.C. section 727(a)(3)

Section 727(a)(3) of the Bankruptcy Code provides as follows:

(a)  The court shall grant the debtor a discharge, unless -

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

The Plaintiffs allege that the Debtor, through the use of Highsteppin, (a) created a separate set of business books and records; (b) created and maintained false, inaccurate, and misleading "accountings"; (c) created and maintained false and inaccurate financial documents; and (d) commingled accounts with other clients and with Highsteppin, so as to make it impossible to ascertain what assets belonged to the Debtor or Highsteppin and to determine the Debtor's financial condition.

These allegations easily meet the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  At this stage, the Plaintiffs are merely obligated to allege sufficient facts to demonstrate that their claims are plausible, not to prove their case in the pleading.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (internal quotations and citations omitted).   Surely, the facts stated in the complaint are sufficient to pass muster under current pleading standards.  It is enough at this juncture that the Plaintiffs allege that the Debtor, through the use of Highsteppin or otherwise, falsified records or concealed assets that might have otherwise been available to creditors in his estate to trace assets.

The Debtor asserts in his brief that the Plaintiffs "have the burden of proof" of showing that the Highsteppin records bear on the inability to assess the Debtor's financial condition at the time of his filing.  Indeed, they do have that burden *at trial*.  At this stage, they merely have the burden of stating a plausible claim against the Debtor.  The four cases cited in support of the motion to dismiss are

6

inapposite. They all involved judgments *after a trial* and none tested the sufficiency of the complaint. The Plaintiffs are not required to prove their case in the complaint. They are merely required to state a plausible basis for relief, and they have done so.

### C.  Count II: Discharge of Debt under 11 U.S.C. section 523(a)(2)(A)

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge a debt that is obtained by, among other things, a false representation or fraud. The Plaintiffs allege in Count II that their claims against the Debtor are non-dischargeable. Section 523(a)(2)(A) provides as follows:

> (a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
>
> (2)  for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
>
> (A)  false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

The Debtor seeks dismissal of Count II for two reasons. First, he argues that the Plaintiffs have failed to state a claim because they have not identified the "who, what and when" of each instance of fraud and, for essentially the same reason, that the Plaintiffs have failed to meet the special pleading requirements of Fed. R. Civ. P. 9(b). Second, the Debtor suggests that the complaint fails to state a claim under this count because it fails to allege any damage suffered by any of the Plaintiffs, a necessary element of a claim under section 523(a)(2)(A). The Debtor argues that the sole damage alleged in the complaint is the Louisiana Bankruptcy Court's award of attorney's fees and costs. However, according to the Debtor, the Louisiana Bankruptcy Court did not find that the Plaintiffs were "damaged" when it awarded only attorney's fees and costs to the Plaintiffs.

In the recent decision of *Sauer Incorporated d/b/a/ Sauer Southeast v. Lawson*, 791 F.3d 214, 220 (1st Cir. 2015), the First Circuit ruled that the words "actual fraud" in section 523(a)(2)(A) are not limited to fraud effected by misrepresentation. Rather, actual fraud in this statutory context includes conduct such as fraudulent interference with property rights, a tort quite distinct from the utterance of

7

misrepresentations. *Id.* at 219; Restatement (Second) of Torts, Index, "Fraud" & section 871 (1977). Where section 523(a)(2)(a) refers specifically to "false representation," it would be redundant to limit "actual fraud" to circumstances involving misrepresentations. See *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2104). The Plaintiffs allege that the Debtor, through Highsteppin or otherwise, obtained money and property from the Band Members through failures to disclose conflicts of interest, commingling of the Band Members' cash with that of Highsteppin and with other clients of Highsteppin, creation of separate books and records, and the submission of false and misleading accounting reports and false financial records. Those allegations do not rely exclusively on false statements, rather they allege fraudulent conduct and as such they are sufficient to survive a motion to dismiss.

The Plaintiffs also allege that the Debtor made false statements to them concerning his experience, abilities, and intentions. On these allegations, the Debtor is entitled to greater specificity. The Plaintiffs must amend the complaint to provide additional detail: the "who, what, and when" of those misstatements, at a minimum. See *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986). The amended complaint must set out the time, place, and content of the alleged misrepresentations with specificity. *SEC v. Tambone*, 597 F.3d at 442. The Plaintiffs have thirty days to file an amended complaint that spells out those details, failing which that aspect of the complaint shall be dismissed.

Finally, the Plaintiffs have alleged sufficient damage to meet their pleading requirements. The complaint alleges that the Louisiana Bankruptcy Court found that Highsteppin willfully violated Chapter 93 and awarded the Plaintiffs substantial attorney's fees and costs on the basis of this violation. Highsteppin was found to have willfully committed unfair acts and practices under the statute. It was on the basis of this statutory business tort violation that the Louisiana Bankruptcy Court awarded first equitable relief and then attorney's fees to the Band and the Band Members. *Porter v. Highsteppin Productions, LLC*, 2014 WL 385962, *2 (W.D. La. Bankr. 2014). Further, the complaint alleges that the Debtor had unilateral and exclusive control of Highsteppin, used Highsteppin for his personal use and benefit, commingled his personal assets with those of Highsteppin, and used Highsteppin as his alter

8

ego. The complaint further alleges that, for purposes of dischargeability, the Debtor is jointly and severally liable for the claims that arose between the Plaintiffs and Highsteppin. Taken together, these allegations demonstrate a pecuniary loss attributable to the Debtor and, therefore, sufficiently plead the damages element of a section 523(a)(2)(A) claim.

### D. Count III: Denial of Discharge under 11 U.S.C. section 523(a)(4)

Section 523(a)(4) of the Bankruptcy Code states in relevant part as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

The Debtor argues that this count fails to state a claim because the Plaintiffs have failed to allege the "requisite fiduciary duty" under section 523(a)(4). The Debtor argues that the "kind" of fiduciary duty alleged in the complaint cannot, as a matter of law, suffice under section 523(a)(4). Additionally, the Debtor argues that the Plaintiffs fail to allege any damage as a result of any alleged defalcation.

The legal concept of "fiduciary" under section 523(a)(4) differs from that concept under state law:

> Federal law determines whether a fiduciary relationship exists under § 523(a)(4). *Raso v. Fahey* (*In re Fahey* ), 482 B.R. 678, 688 (1st Cir. BAP 2012); *In re McBride,* 512 B.R. 103, 113 (Bankr.D.Mass.2014). The "broad definition of fiduciary under nonbankruptcy law— a relationship involving trust, confidence, and good faith—is inapplicable in the nondischargeability context." *Fahey,* 482 B.R. at 678 quoting *Honkanen v. Hopper (In re Honkanen* ), 446 B.R. 373, 378–79 (9th Cir. BAP 2011). Under federal law, a fiduciary relationship arises by virtue of an express or technical trust. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 79 L.Ed. 393 (1934); *Rutanen v. Baylis (In re Baylis* ), 313 F.3d 9, 17 n. 3 (1st Cir.2002). "The elements of an express trust have traditionally included an explicit declaration of trust, a clearly defined trust res, and an intent to create a trust relationship." *Fahey,* 482 B.R. at 687. "A technical trust is one that arises under statute or common law." *Petrucelli v. D'Abrosca (In re D'Abrosca* ), 2011 WL 4592338, at *5 (1st Cir. BAP 2011); *M–R Sullivan Mfg. Co., Inc. (In re Sullivan* ), 217 B.R. 670, 675 (Bankr.D.Mass.1998)
>
> *Abramov v. Movshovich (In re: Movshovich)*, 521 B.R. 42, 64 (Bankr. D. Mass. 2014).

9

The Plaintiffs allege that the Debtor, through Highsteppin, by virtue of the management Agreement "assumed complete control over all financial aspects of the Band and Band Members' careers[.]"  They allege that the Debtor "was a fiduciary to the Band and Band Members, and owed them fiduciary duties of loyalty and due care."  As such, because there is no allegation of an express trust, by exclusion they are relying on a technical trust under common law.  In the case of *Raso v. Fahey (In re: Fahey)*, 482 B.R. 678 (1st Cir. BAP 2012), the Bankruptcy Appellate Panel for the First Circuit determined that a technical trust, sufficient to establish a fiduciary relationship under section 523(a)(4), existed for two reasons:  first, that under the ERISA statute, the debtor, Fahey, was a fiduciary and, second, under the common law, Fahey exercised actual control over the alleged beneficiary's money or property.  *Id.* at 695.  Indeed, the analysis of the Fahey court applies here:

> Moreover, even if an ERISA fiduciary does not *per se* satisfy the § 523(a)(4) requirement for "fiduciary capacity," an analysis of Fahey's control and authority over the plan in *functional* terms nonetheless yields the conclusion that he acted as a fiduciary of a technical trust imposed by common law. *See In re Mayo,* 2007 WL 2713064, at *9 (engaging in analysis of principal's control and authority over plan in "functional terms" to support conclusion that he acted in fiduciary capacity for purposes § 523(a)(4)). This is so, notwithstanding the bankruptcy court's summary conclusion that outside of ERISA, no other basis existed for finding a fiduciary status under § 523(a)(4). This statement overlooks that in addition to statutes, common law also can give rise to a technical trust. *See In re D'Abrosca,* 2011 WL 4592338, at *5. As the Panel previously noted in *D'Abrosca, supra,* "one must look further to ascertain whether the relationship was imbued with attributes giving rise to, in substance, a trust." 2011 WL 4592338, at *5 (citing *In re Brown,* 131 B.R. at 905). "[T]he central focus of the inquiry under § 523(a)(4) [is] whether the alleged fiduciary exercises actual control over the alleged beneficiary's money or property." *May v. Lyon (In re Lyon),* 348 B.R. 9, 25 n. 34 (Bankr.D.Conn.2006) (citing *In re Marchiando,* 13 F.3d 1111 (7th Cir.1994)). "It is clear that the issue of control has always been the critical fact looked to by the courts in imposing this high level of responsibility." *Id.* (citing *LSP Inv. P'ship v. Bennett (In re Bennett),* 989 F.2d 779 (5th Cir.1993)); *see also In re Harwood,* 637 F.3d at 624 (chief operating officer of corporate general partner exercised complete control over partnership's management, compelling conclusion that he stood in the same fiduciary capacity to the limited partners as a trustee stands to the beneficiaries of a trust and thus acted in a fiduciary capacity for § 523(a)(4) purposes).

*Id.*

The Plaintiffs allegation that the Debtor took complete control over their financial affairs, which I must take as true at this juncture, is enough to survive the motion to dismiss.

Finally, the above analysis of the damages element of the section 523(a)(2)(A) claim is applicable to the element of damages under section 523(a)(4). Accordingly, the Plaintiffs have alleged sufficient damages to meet their pleading requirements under this count.

### E.  Count IV:  Denial of Discharge of Debt Under 11 U.S.C. section 523(a)(6)

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The Plaintiffs allege that the Debtor caused willful and malicious injury to the Band Members or to their property by, among other things, commingling their assets with those of Highsteppin or its other clients, creating a separate and false set of books and records, diverting funds from the Band Members, providing inaccurate and false financial reports, and withholding material information from the Band Members that caused them to delay terminating their relationship with him. They allege that this conduct caused them injury in the amount of at least $1,828,587.51, the amount of the attorney's fees awarded by the Louisiana Court after finding the Debtor liable under Chapter 93A, section 11.

The Debtor seeks dismissal of this count on the grounds that (a) the alleged injury, attorney's fees and costs, is not cognizable as a sufficient injury under section 523(a)(6); (b) citing *In re: Swasey*, 488 B.R. 22 (Bankr. D. Mass. 2013), that the willful and knowing standard under Chapter 93A is not the same as the willful and malicious standard under section 523(a)(6); and (c) that the Plaintiffs have not alleged, as they must, that the Debtor intended to cause the alleged injury, attorney's fees and costs, which intent is required under section 523(a)(6).

"Willfulness" under section 523(a)(6) requires a showing of intent to injure or at least intent to do an act which the debtor is substantially certain will lead to the injury in question. *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). "Malice" requires the injury to have been "wrongful," "without just cause or excuse," and "committed in conscious disregard of one's duties." *Printy v. Dean Witter Reynolds, Inc.,* 110 F.3d 853, 859 (1st Cir.1997). Malice thus has both objective and subjective elements: the injury must have been objectively wrongful or lacking in just cause or excuse; and the debtor

11

must have inflicted the injury in "conscious disregard" of his duties, meaning that he has to have been aware that the act was wrongful or lacking in just cause or excuse. *Burke v. Neronha* (*In re Neronha* ), 344 B.R. 229, 231–32 (Bankr.D.Mass.2006).

With respect to this count the motion to dismiss is easily denied.  First, the injury alleged, attorney's fees and costs, are losses that, if incurred as the result of "willful and malicious" conduct of the Debtor, is a sufficient damage under the Code.  Second, the conduct is alleged to have been willful: the commingling of funds, diversion of funds, and creation of false records with the intent or substantial certainty to result in the deprivation of those funds from the Plaintiffs.  Third, the malice element was sufficiently stated because the alleged conduct is objectively wrongful or lacking in just excuse and is alleged to have been committed in conscious disregard of the Debtor's fiduciary duty.  Fourth, the *Swasey* case was decided on summary judgment when certain creditors argued that the debtor was estopped from contesting an objection to discharge because the state court had entered a judgment against him under Chapter 93A.  The present motion has nothing to do with estoppel principles.  It has only to do with the sufficiency of the pleading in Count IV, and for the above reasons, I find that the Plaintiffs have stated a plausible basis for a claim under said count.

**V.    The Standing Issue**

The Debtor seeks an order dismissing the complaint as to the Plaintiffs other than the Lawyer Plaintiffs and the Trustee, namely Messrs. Porter, Stoltz, and Batiste, and the limited liability corporation named Porter-Batiste-Stoltz LLC (collectively referred to as the "Individual Plaintiffs").  The Debtor's argument in support of dismissal of the Individual Plaintiffs is that, according to the complaint, the award of damages under Chapter 93A in the Louisiana Litigation was only in favor of the Trustee and the Lawyer Plaintiffs.  Indeed, only the Trustee and Lawyer Plaintiffs incurred attorneys' fees in the Louisiana Litigation.  Thus, if the Individual Plaintiffs received no judgment, there is no indebtedness owed to them and they lack standing to pursue the claims stated in the complaint.

12

The Individual Plaintiffs disagree, but their response is rather cryptic. They say only that the Debtor misunderstands the nature of a Chapter 93A judgment. "Attorneys' fees awarded pursuant to 93A are an award to the party plaintiff. Chapter 93A is unique because 'it mandates an award of attorney's fees to a prevailing party even if quantifiable damages are lacking.' *Drywall Sys., Inc. v. CVI Construction Co, Inc.*, 435 Mass. 664, 672 (2002)." Plaintiffs' Brief at 16. But this does not appear to meet the Debtor's argument. If the Individual Plaintiffs did not incur attorneys' fees, and the complaint is silent on this point, they lack standing.

I note that while the arguments of both sides rely upon the premise that the Band Members (Porter, Stoltz, and Batiste) are currently plaintiffs, it is not clear from the complaint that this is the case. It appears that the names of the three Band Members are included in the caption of the complaint only for the purpose of identifying the Trustee. This reading is supported by the fact that none of the three are identified in paragraphs two through four of the complaint, which identify the "Parties," other than as the debtors in whose cases Babin was appointed chapter 7 trustee. Accordingly, it is not even clear that the Individual Plaintiffs were intended to be parties-plaintiff in this adversary proceeding. Accordingly, the Court will afford the Plaintiffs thirty days to amend the complaint to include the Band Members as party plaintiffs. However, any such amended complaint must include an explanation as to why the three band members and why Porter-Batiste-Stoltz, LLC have standing in this adversary proceeding. The Court defers ruling on the standing issue until such time as an amended complaint is filed.

Based on the foregoing, the Plaintiffs shall have thirty days from the entry of this order to file an amended complaint, failing which the complaint shall be dismissed with prejudice with respect to the Individual Plaintiffs.

VI.    **Conclusion and Order**

For the reasons set forth above, the Debtor's motion to dismiss is denied in part. The Plaintiffs may file an amended complaint that pleads with specificity the time, place, and content of the alleged misrepresentations that form the basis of Count II, failing which the portion of Count II that relies on a theory of fraudulent misrepresentation shall be dismissed with prejudice. Additionally, the Plaintiffs may amend the complaint, if they so choose, to add the individual Band Members as plaintiffs. Finally, the amended complaint shall contain an explanation as to why the Band Members and Porter-Batiste-Stoltz, LLC have standing, failing which the complaint shall be dismissed with prejudice with respect to the Individual Plaintiffs. The Court defers ruling on the standing issue until such time as the amended complaint has been filed.

Date: December 31, 2015    _____
Frank J. Bailey
United States Bankruptcy Judge